UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

RIC Corporation, General
Reinsurance Corporation, and                Civil No. 04-1370 (JRT/FLN)
Titan Indemnity Company,

    Plaintiff,

    v.                                       **REPORT AND RECOMMENDATION**

EPIC Holdings, Inc. and Educators
Personal Insurance Center Agency, Inc.,

    Defendant.

_____

Arthur Boylan, for Plaintiffs.
No Appearance for Defendants.

_____

**THIS MATTER** came before the undersigned United States Magistrate Judge on July 8, 2005, on Plaintiffs' Motion for Attorneys' Fees [#57] and Plaintiffs' Motion for Default Judgment [#58]. The matter was referred to the undersigned for Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1(c). For the reasons which follow, this Court recommends Plaintiffs' Motions be **GRANTED.**

### I.  BACKGROUND

**A.**    **Plaintiff RIC Corporation's Motion for Attorneys' Fees**

Plaintiff RIC Corporation ("RIC") moves for an award of attorneys' fees against Defendant EPIC Holdings, Inc. ("Holdings") based on Holdings' breach of contract. RIC loaned Holdings $400,000. In exchange, Holdings executed a Note in favor of RIC, by which it was obligated to repay all outstanding interest and principal no later than July 1, 2002. See Note, Pl. Ex. A.

Holdings failed to repay the amounts due, and RIC initiated this action for breach of contract. On February 18, 2005, this Court entered partial summary judgment in favor of RIC on its breach of contract claim in the amount of $471,479.16. See [#53]. RIC now moves to recover its attorneys fees incurred in enforcing its rights under the Note.

Section 7.3 of the Note required Holdings to indemnify and reimburse RIC for all reasonable attorneys' fees and costs incurred as a result of Holdings' breach:

> The Borrower shall pay...(ii) if an Event of Default occurs, all out-of-pocket expenses incurred by the Lender, including (without duplication) the fees and disbursements of outside counsel and the allocated cost of inside counsel, in connection with such Event of Default and collection, bankruptcy, insolvency and other enforcement proceedings resulting therefrom.

Generally, parties may permit recovery of attorney fees by agreement, and federal courts will enforce contractual rights to attorneys' fees and costs if the contractual provision is valid under the applicable state law. McGuire v. Russel Miller, Inc., 1 F.3d 1306, 1313 (2d Cir. 1993). Section 7.3 is valid and enforceable under New York law.[1] 3H Enterprise, Inc. v. Murray, 994 F.Supp. 403, 404 (N.D.N.Y. 1998) ("under New York law, a contract provision that one party to a contract pay the other party's attorneys' fees in the event of breach is enforceable in an amount that is 'reasonable'"). As established, Holdings defaulted on the Note by failing to repay the principal and interest and RIC was forced to assert its rights before this Court.

The Court held a hearing on RIC's Motion for fees on July 8, 2005. Holdings submitted no Memorandum in Opposition to RIC's Motion, and did not appear for the hearing. Because Holdings has filed no objection to RIC's Motion, and because RIC is entitled to an award of its attorneys' fees

---

[1] The Note provides: "This Note shall be governed by, construed, and interpreted in accordance with, the law of the State of New York." Note p. 1.

and expenses pursuant to Section 7.3 of the Note, RIC's Motion should be granted. RIC is entitled to an award of attorneys' fees in the amount of $41,063.50.[2]

### B. Plaintiffs General Reinsurance Corporation and Titan Indemnity Company's Motion for Default Judgment

Plaintiffs General Reinsurance Corporation and Titan Indemnity Company (collectively, "Plaintiffs") move for Default Judgment against Defendant Educators Personal Insurance Center Agency, Inc. ("EPIC") because EPIC has failed to defend the action.

On January 24, 2005, this Court entered an Order granting Defense counsel's Motion to Withdraw. See [#52]. In the Order, the Court stated that if Defendants did not obtain substitute counsel by February 18, 2005, the Court would entertain a motion for entry of default judgment on the grounds that corporate entities cannot proceed in litigation *pro se*. See 28 U.S.C. § 1654; United States v. Van Stelton, 988 F.2d 70, 70 (8th Cir.1993) (per curiam). Defendants were notified on January 25, 2005, of the Court's Order permitting withdrawal and directing them to obtain counsel. See Pl. Mem. Ex. B. No substitute counsel has filed an appearance on behalf of Defendants.

Plaintiffs now move for Default Judgment pursuant to Federal Rule of Civil Procedure 55. EPIC submitted no Memorandum in Opposition to Plaintiffs' motion, and did not appear at the Motion hearing. Because EPIC has failed to defend the action, and has filed no opposition to Plaintiffs' motion, Plaintiff's Motion should be granted and an Order of Default Judgment should be entered against EPIC. See Ackra Direct Mktg. Corp. v. Fingerhut Corp., 86 F.3d 852, 857 (8th Cir. 1996) (affirming entry of default judgment and finding that corporation was in default from time its counsel withdrew and it failed to appoint substitute counsel).

---

[2] See Klepper Aff. and Field Aff.

## II. RECOMMENDATION

Based on the files, records and proceedings herein, it is **HEREBY RECOMMENDED** that

1)  RIC's Motion for Attorneys' Fees [#57] be **GRANTED;** and

2)  Plaintiffs' Motion for Default Judgment [#58] be **GRANTED.**


DATED: July 22, 2005                               s/ *Franklin L. Noel*
                                                   FRANKLIN L. NOEL
                                                   United States Magistrate Judge


Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **August 10, 2005**, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under the rules shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made.

Unless the parties are prepared to stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and cause to be filed by **August 10, 2005** a complete transcript of the hearing.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.